| **Information to identify the case:** | |
|---|---|
| Debtor 1: **Thomas Hadley Baker** <br> First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–6097** <br> EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2: (Spouse, if filing) <br> First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Florida** | Date case filed for chapter  **7    6/27/19** |
| Case number:  **8:19–bk–06127–RCT** | |

## Official Form 309A (For Individuals or Joint Debtors)
### Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline      12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Thomas Hadley Baker | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 9601 Marblehead Lane <br> New Port Richey, FL 34654 | |
| 4. | **Debtor's attorney** <br> Name and address | Matthew M Holtsinger <br> Rywant Alvarez Jones Russo & Guyton P.A. <br> 109 North Brush Street, Suite 500 <br> Tampa, FL 33602 | Contact phone 813–229–7007 x340 <br> Email: mholtsinger@rywantalvarez.com |
| 5. | **Bankruptcy Trustee** <br> Name and address | Traci K. Stevenson <br> P O Box 86690 <br> Madeira Beach, FL 33738 | Contact phone 727–397–4838 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

| | | | |
|---|---|---|---|
| **6.** | **Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813–301–5162<br><br>Date: June 28, 2019 |
| **7.** | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | **July 31, 2019 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>  *** Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. *** | Location:<br><br>**Room 100–C, 501 East Polk St., (Timberlake Annex), Tampa, FL 33602** |
| **8.** | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9.** | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: September 30, 2019** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10.** | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| **13.** | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1–866–222–8029. | |