**Dated: February 05, 2020**          ORDERED.

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
http://www.flmb.uscourts.gov/

| | |
|---|---|
| In re: | Case No.: 8:19-bk-06127-RCT |
| | Chapter 7 |
| Thomas Baker | |
| _____DEBTOR_____/ | |

ORDER GRANTING TRUSTEE'S MOTION
TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(2322 E 10 St. Cheyenne, WY 82001)

**THIS CASE** came on for hearing on January 29, 2020 at 9:30 A.M. to consider Chapter 7 Trustee, Traci Stevenson's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* the "Motion") (Dkt. No. 36). The Motion was served upon all interested parties informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed.

Accordingly, it is **ORDERED,**

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at: Lots 23 and 24, Block 23, Re-subdivision of Lake Minnehaha Addition to Cheyenne, according to the official plat filed for record on June 12, 1890 in Plat Cabinet 1, Slot 19, Records of Laramie County, Wyoming. More commonly known as, 2322 E 10 St. Cheyenne, WY 82001 (the "Real Property"), for $179,000, conditioned on the consent of its lienholders, and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Wyoming Community Development Authority, or its servicer Western Vista Federal Credit Union (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien and Western Vista Credit Union (also known as "Secured Creditor"; $6,000.00 as an agreed upon amount to release their lien.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Patrick O. Wilson (the "Buyer").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. <u>Thomas Baker</u>, Debtor, name on deed
2. <u>Wyoming Community Development Authority</u>, mortgage lienholder

6. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7. The Buyer has not assumed any liabilities of the Debtor.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | $10,740 |
| 2% to Peak Properties, LLC | $3,580 |
| 2% to #1 Properties | $3,580 |
| 2% to BK Global Real Estate Services | $3,580 |
| Title Charges: | $2,630.75 |
| Government recording / transfer charges: | $171 |
| Other / Debits | $650 |
| (*incl. 506(c) surcharge, Trustee Liability Insurance*) | |
| Satisfaction of Liens: | $6,000 |
| Western Vista Federal Credit Union (home mortgage servicer) | $150,526 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable home owners association.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

Traci Stevenson, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.